IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-03121-BNB

LLOYD VICTOR HAYNES,

       Applicant,

v.

BARR, Colorado State Parole Board Office,
COLORADO ADULT PAROLE,
SHERIFF MAKETA, El Paso County Jail, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

       Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Lloyd Victor Haynes, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) and is currently incarcerated at the El Paso County

Justice Center in Colorado Springs, Colorado.  Mr. Haynes has filed an Application for a

Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  He challenges the validity of his

convictions and sentences in four El Paso County District Court cases.  He also

challenges the execution of his mandatory parole term between June 23, 2010 and July

26, 2010.

In an Order dated December 12, 2011, Magistrate Judge Boyd N. Boland

directed Respondents to file a pre-answer response addressing the affirmative defenses

of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under

28 U.S.C. § 2254(b)(1)(A).  On December 23, 2011, Respondents submitted a pre-answer response.  Mr. Haynes filed a reply on January 9, 2012.

The Court must construe liberally the Application filed by Mr. Haynes because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the Application as time-barred.

**I. Background and State Court Proceedings**

In El Paso County District Court Case No. 99cr4765, Mr. Haynes was sentenced to serve four years of probation on September 29, 2003, pursuant to his conviction for possession of a controlled substance with a special offender enhancer.  Pre-Answer Resp., Ex. A, at 2-3.  His probation was later revoked and he was sentenced to serve eight years in prison on January 9, 2006.  *Id.* at 11.  In Case No. 04cr3717, Mr. Haynes was sentenced to ten years imprisonment on January 9, 2006, pursuant to his conviction for possession of a controlled substance with a special offender enhancer. *Id.*, Ex. B, at 2-3, 8.  In Case No. 04cr3847, Mr. Haynes was sentenced to ten years in prison on January 6, 2006, pursuant to his conviction for theft.  *Id.*, Ex. C, at 2-3.  His sentence was reduced to six years of imprisonment on February 19, 2008, and November 30, 2009.  *Id.* at 2, 8; Ex. M.  And, in Case No. 04cr3857, Mr. Haynes was sentenced to six years in the DOC on January 9, 2006, pursuant to his conviction for

2

forgery.  *Id.*, Ex. D, at 2-3, 8.  Applicant did not file a direct appeal of any of the four

convictions.

On July 19 and August 24, 2006, Mr. Haynes filed motions seeking relief from the

fines imposed in three of his cases.  Pre-Answer Resp., Ex. B, at 7; Ex. C, at 8; Ex. D,

at 7. The motions were denied in all three cases on August 31, 2006.  *Id.*  Mr. Haynes

did not appeal the trial court's order.

On March 12, 2007, Mr. Haynes filed a motion for presentence confinement/good

time credit in all of his cases. Pre-Answer Resp. Ex. A, at 10; Ex. B, at 7; Ex. C, at 7;

Ex. D, at 7.  The trial court denied the motions on July 18, 2007.  *Id.*; Ex. J, at 2.  Mr.

Haynes filed a notice of appeal of the trial court's order on August 21, 2007.  *Id.*, Ex. F;

Ex. J, at 2.

On January 30, 2008, while the presentence confinement credit appeal was

pending, Mr. Haynes filed a motion for post-conviction relief pursuant to Colo. Crim. P.

Rule 35(c) in all four cases.   Pre-Answer Resp. Ex. A, at 10; Ex. B, at 7; Ex. C, at 7; Ex.

D, at 7; Ex. G.   The trial court denied the motions on February 14, 2008.  *Id.*, Ex. A, at

9; Ex. B, at 6; Ex. C, at 7; Ex. D, at 6; Ex. H.  The trial court further ordered in Case No.

04CR3847 that the mittimus be corrected to reflect a six-year prison term rather than

the incorrect ten-year prison term.  *Id.*, Ex. C, at 7; Ex. H.  The trial court denied

Applicant's motions for reconsideration on April 18, 2008. *Id.*, Ex. A, at 9; Ex. B, at 6;

Ex. C, at 7; Ex. D, at 6.

Mr. Haynes appealed the trial court's denial of his Rule 35(c) motion and combined that appeal with the already pending presentence confinement credit appeal. Pre-Answer Resp., Ex. I; Ex. K, at 1.  In *People v. Haynes*, No. 07CA1613 (Colo. App. Sept. 17, 2009) (unpublished), the Colorado Court of Appeals dismissed the appeal on the following grounds: (1) Applicant's request for the trial court to order an award of good time credits was not a cognizable post-conviction claim pursuant to Colo. Crim. P. Rule 35(c); instead it was a civil claim that should have been brought against the DOC; and, (2) the trial court lacked jurisdiction to rule on the Rule 35(c) motion because a notice of appeal challenging the trial courts' order denying the presentence/good time credit motions was pending.  *Id.* at 2-3.  The state appellate court directed the trial court on remand to vacate its orders of March 18, 2007, and July 18, 2007, and dismiss Applicant's motions for good time credit.  *Id.*  The Colorado Court of Appeals further instructed the trial court that "nothing precluded the trial court from re-entering its order denying [Applicant's] Crim. P. 35(c) motion once its jurisdiction is restored." *Id.* at 3.  Applicant did not seek certiorari review and the mandate issued on November 18, 2009. *Id.*, Ex. L.

On November 30, 2009, the trial court denied applicants Rule 35(c) motion on the merits in all four cases.  Pre-Answer Resp., Ex. A, at 9; Ex. B, at 6; Ex. C, at 6; Ex. D, at 6; Ex. M.   The trial court further ordered in Case No. 04CR3847 that the mittimus be corrected to reflect a six-year prison term  *Id.*, Ex. C, at 2; Ex. M.  Mr. Haynes did not appeal the trial court's order.  On November 22, 23, and 25, 2011, respectively,

4

Applicant filed, in each of his cases, a motion to correct illegal sentence pursuant to Crim. P. 35(a), a motion "for resurrection of 35(c)", and a new Rule 35(c) motion. *Id.*, Ex. A, at 8; Ex. B, at 5-6; Ex. C, at 5; Ex. D, 5-6. The trial court denied all three motions on November 30, 2011. Applicant filed subsequent motions in the state trial court, but the Court need not address them for the reasons discussed below.

Mr. Haynes initiated this action on November 30, 2011. He asserts three claims for relief in his § 2254 Application: (1) the state district court has refused to rule on his Colo. Crim. P. Rule 35(c) motion filed in January 2008, which has deprived him of his right to appeal; (2) the prosecutor failed to disclose exculpatory evidence before Applicant pleaded guilty to the crimes; and, (3) Applicant's detention by parole authorities in the El Paso County jail from June 29, 2010, to July 26, 2010, during the period of his mandatory parole, constitutes a third "separate and distinct sentence without due process." Application, at 6. Applicant's third claim implicates the execution of his sentence and will be construed liberally as arising under 28 U.S.C. § 2241. *See Castro v. United States*, 540 U.S. 375, 377 (2003) (recognizing the long-standing practice of federal courts of treating requests for habeas relief under proper statutory section where pro se prisoner has labeled the petition differently).

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Respondents further contend that Mr. Haynes has procedurally defaulted his claims in the state courts and, therefore, this federal habeas court may not review the merits.

**II.  Claim One is not cognizable under the federal habeas corpus statutes**

For his first claim, Mr. Haynes asserts that the state district court has refused to rule on the Colo. Crim. P. Rule 35(c) motion that he filed in January 2008, thereby depriving him of his right to appeal.  This claim is not cognizable under 28 U.S.C. § 2254, however, because Mr. Haynes does not assert the deprivation of a constitutional or statutory right.  *See* 28 U.S.C. § 2254(a).  Furthermore, the claim does not challenge the execution of Mr. Haynes' state sentence(s) and thus cannot be raised under 28 U.S.C. § 2241.  *See McIntosh v. United States Parole Comm'n*, 115 P.3d 809, 811 (10th Cir. 1997).  Indeed, the state trial court's failure to rule on a pending state post-conviction motion is relevant only to the issue of whether Applicant has exhausted state remedies for his claims.  In any event, Mr. Haynes' assertion is without merit because the state trial court denied his Rule 35(c) motion on November 30, 2009.  *See* Pre-Answer Resp., Ex. M.   Accordingly, claim one will be dismissed.

**II!.  AEDPA Time Bar**

Respondents argue that the Application is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).  Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or

laws of the United States is removed, if the applicant was
prevented from filing by such State action;
(C)  the date on which the constitutional right asserted was
initially recognized by the Supreme Court, if the right has
been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or
claims presented could have been discovered through the
exercise of due diligence.

(2)  The time during which a properly filed application for State post-
conviction or other collateral review with respect to the pertinent judgment
or claim is pending shall not be counted toward any period of limitation
under this subsection.

28 U.S.C. § 2244(d).

The AEDPA one-year limitation period applies to state court prisoners seeking

federal habeas corpus relief under 28 U.S.C. § 2254 and § 2241.  *See Gibson v.*

*Klinger*, 232 F.3d 799 (10th Cir. 2000); *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir.

2003).

## A.    Claims under 28 U.S.C. § 2254

In claim two, Mr. Haynes challenges his state court convictions on the basis that

the prosecutor failed to disclose exculpatory evidence before Applicant pleaded guilty to

the crimes.  In a January 4, 2012 filing (Doc. #14), Mr. Haynes further asserts that his

guilty pleas are invalid because they were procured by the ineffective assistance of plea

counsel.

Mr. Haynes' conviction became final in Case No. 99cr4765 on November 13,

2003, forty-five days after he was sentenced to probation on September 29, 2003.  *See*

7

Colo. App. R. 4(b) (notice of appeal in a criminal case must be filed within forty-five days after the entry of judgment).   Although Applicant's probation was revoked and he was resentenced to prison on January 9, 2006, it does not appear that he presents any claims associated with his resentencing.  Because Mr. Haynes challenges only his original conviction, the January 2006 resentencing does not affect the running of the one-year limitations period.  *See Vallez v. Hartley,* 305 F. App'x 505, 508 (10th Cir. 2008) (unpublished) (petitioner's resentencing did not restart the limitations period where petitioner did not assert any claims challenging the modification of his sentence).  Accordingly, the statute began to run on November 14, 2003, the next business day after the conclusion of the time to appeal.  *See United States v. Hurst*, 322 F.3d 1256, 1261-62 (10th Cir. 2003) (one-year limitation period commences the day after expiration of the time for seeking review).

Mr. Haynes' convictions became final in his other three cases on February 23, 2006, forty-five days after he was sentenced on January 9, 2006.  Again, although Applicant was resentenced in Case No. 04cr3847 on February 19, 2008, and November 30, 2009, he does not present any claims associated with the reduction of his sentence. The limitations period therefore was triggered on the date his original conviction became final.  *See Vallez,* 305 F. App'x at 508.  Accordingly, the statute began to run on February 24, 2006, the next business day after the conclusion of the time to appeal. *See Hurst*, 322 at 1261-62.

The Court must next determine whether any of Mr. Haynes' state post-conviction motions tolled the one-year limitation period.  Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.  An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law.  *See Gibson*, 232 F.3d at 806.  The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

In Case No. 99cr4765, the earliest date that Mr. Haynes filed a post-conviction motion was March 2007.  At that point, several years had passed since the commencement of the one-year limitations period on November 14, 2003.  Because the limitations period expired before March 2007, any post-conviction motions Applicant filed in his case after that date are irrelevant to the timeliness of his federal Application.

*See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2004) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001). Accordingly, Applicant's claims challenging his conviction or 2003 sentence in Case No. 99cr4765 are time-barred unless equitable tolling applies.

For Case Nos. 04cr3717, 04cr3847, and 04cr3587, the statute of limitations ran from February 24, 2006, until July 19, 2006, when Mr. Haynes filed a motion seeking relief from the fines imposed in each of the cases (**145 days**).  The statute was tolled until October 15, 2006, forty-five days after the trial court denied the motions on August 31, 2006, during the period that Applicant could have appealed the trial court's order. *See Gibson*, 232 F.3d at 804 (holding that the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law) (emphasis in the original).

The AEDPA time clock commenced again on October 16, 2006.  Mr. Haynes filed a motion for presentence confinement/good time credit in each of his cases **147 days later**, on March 12, 2007.  The Court finds, however, that the March 12, 2007, motion did not toll the limitations period.  The limitations period is tolled only during the time that a petitioner is "attempting, through proper use of state court procedures, to exhaust state court remedies." *Barnett*, 167 F.3d at 1323. The Colorado Court of Appeals dismissed Applicant's appeal of the trial court's order denying his motions for presentence confinement/good time credit on the ground that the motions were not

cognizable in a Crim. P. Rule 35 proceeding.  The state appellate court remanded the cases to the trial court with directions to vacate its orders and to dismiss the motions. Because the Colorado Court of Appeals determined that Applicant's request for good time credits was procedurally improper, the motion(s) filed on March 12, 2007, did not toll the limitations period.   The AEDPA time clock therefore ran unabated for over fifteen months, from October 16, 2006, to January 30, 2008, when Mr. Haynes filed a motion for post-conviction relief pursuant to Colo. Crim. P. Rule 35(c).

However, even if the March 12, 2007, motions did toll the limitations period until the state trial court dismissed the motions on November 25, 2009, in compliance with the state appellate court's remand order, Applicant's claims challenging his convictions and sentence(s) are nonetheless time-barred.  Mr. Haynes filed a Crim. P. Rule 35(c) motion in January 2008, which the trial court denied.  The Colorado Court of Appeals then dismissed Applicant's notice of appeal on the ground that the trial court lacked jurisdiction because of a pending appeal in the case.  Because the trial court lacked jurisdiction to accept the filing of Applicant's Rule 35(c) motion in January 30, 2008, the motion was not "properly filed" and did not toll the one-year limitation period.  *See Artuz*, 531 U.S. 4, 9 (2000) ("If, . . . an [application for post-conviction relief] is erroneously accepted by the clerk of a court lacking jurisdiction, . . . it will be *pending*, but not *properly filed*.") (emphasis in the original); *see also Larry v. Dretke*, 361 F.3d 890 (5th Cir. 2004) (post-conviction motion not properly filed where state court lacked jurisdiction over motion due to pendency of direct appeal); *Knox v. Workman*, 425 F. App'x 781,

783 (10th Cir. 2011) (unpublished) (same); *accord Szczygiel v. Nelson*, 43 F. App'x 179, 181 (10th Cir. 2002) (unpublished) (post-conviction motion filed in court that lacked jurisdiction over the motion pursuant to state statute was not "properly filed").

Applicant's Rule 35(c) motion was not properly filed until the Colorado Court of Appeals dismissed the appeal of the presentence confinement credit/good time credits motion on September 17, 2009, and the mandate issued on November 18, 2009, thereby restoring the trial court's jurisdiction.  *See People v. Jones,* 631 P.2d 1132 (Colo.1981) (when an appeal is perfected, the trial court is divested of jurisdiction, and it is restored when the appellate court issues its mandate).  The Rule 35(c) motion was then pending  until January 14, 2010, forty-five days after the trial court denied the motion on November 30, 2009, when the time for filing a notice of appeal expired. *Gibson*, 232 F.3d at 804.

Mr. Haynes did not file another motion in the state courts until November 22, 2011.  As discussed previously, a post-conviction motion filed after expiration of the one-year period is not relevant to a petitioner's federal application.  *See Clark*, 468 F.3d at 714;  *Fisher*, 262 F.3d at 1142–43.  Accordingly, the claims challenging Applicant's state court convictions and sentences, including any claim challenging the January 2006 sentence imposed in 99cr4765, are untimely unless Applicant is entitled to equitable tolling.

**B.  Claim under 28 U.S.C. § 2241**

In claim three, Mr. Haynes challenges the execution of his mandatory parole term in the El Paso County detention center from June 23, 2010 to July 29, 2010 as a "3rd separate and distinct sentence" in violation of his federal due process rights.  Compl., at 6; *see also* Motion to Amend, filed January 26, 2012 (Doc. #26).  For purposes of the one-year limitation period, this claim accrued on June 23, 2010, the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1)(D).

As discussed above, Mr. Haynes did not file a state post-conviction motion in any of his criminal cases between November 30, 2009 and November 22, 2011.  Therefore, the AEDPA time clock commenced on June 23, 2010 and ran unabated for more than one year before Applicant filed any additional motions in the state court, or filed his federal Application on November 30, 2011.   Accordingly, his claim is untimely unless equitable tolling applies.

## C.    Equitable Tolling

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons "in rare and exceptional circumstances." *Gibson,* 232 F.3d at 808 (internal quotation marks omitted); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  Equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period.  *See Gibson*, 232

Case 1:11-cv-03121-LTB   Document 28   Filed 02/02/12   USDC Colorado   Page 14 of 16

F.3d at 808.  Simple excusable neglect is not sufficient to support equitable tolling.

*Gibson*, 232 F.3d at 808.  Furthermore, equitable tolling is appropriate only if the inmate

pursues his claims diligently.  *Miller*, 141 F.3d at 978.  Finally, Mr. Haynes bears the

burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Haynes argues in his January 26, 2012 filing (Doc. #24), that he is entitled to

equitable tolling because the El Paso County District Court prevented him from

exhausting his state court remedies by failing to rule on his January 2008 Colo. Crim. P.

35(c) motion, after the state appellate court dismissed his appeal for lack of jurisdiction.

This argument is unavailing.   The Court's file reflects that the state trial court denied

Applicant's motion in a November 30, 2009 Order, *see* Pre-Answer Resp., Ex. M, and

the Court has so found for purposes of its timeliness analysis.   Mr. Haynes' ignorance

of his legal obligation to thereafter file a timely federal Application for a Writ of Habeas

Corpus is not an adequate basis for equitable tolling.  *See Marsh v. Soares*, 223 F.3d

1217, 1220 (10th Cir. 2000).

Mr. Haynes further asserts that he is innocent of the crimes of which he was

convicted in Case No. 04cr3717 (possession of a controlled substance/ special offender

enhancer) and Case No. 04cr3847 (theft).  *See* "Motion to Add Included Documents to

Claim" (Doc. #19); "Motion to Proceed with 28 U.S.C. § 2254" (Doc. #14), at 2; "Motion

to Compare AG Documents with Actual Documents" (Doc. #25), and attach. A.  To

demonstrate his actual innocence, Applicant must "support his allegations of

constitutional error with new reliable evidence-whether it be exculpatory scientific

evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not

presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Mr. Haynes' assertions of

innocence are not developed sufficiently with supporting facts or evidence.  *See*

*Weibley v. Kaiser,* 50 F. App'x. 399, 403 (10th Cir. 2002) (unpublished) (determining

that petitioner's actual innocence argument "fail[ed] because he d[id] not make a

colorable claim of actual innocence. [Petitioner] makes only conclusory allegations

regarding his innocence and provides no analysis or specific facts to warrant equitable

tolling.").

In sum, Mr. Haynes has failed to establish any basis for equitable tolling.

## IV.  Conclusion

Having reviewed Mr. Haynes' allegations, the Court finds that he has failed to

assert any basis for equitable tolling.  Therefore, under 28 U.S.C. § 2244(d), he is time-

barred from filing a federal habeas corpus action in this Court.  Because the Application

is clearly untimely, the Court need not reach Respondents' arguments that Mr. Haynes'

claims are also barred under the procedural default doctrine.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

from this order would not be taken in good faith and therefore *in forma pauperis* status

will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is

dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that all pending motions are denied as moot.  It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr.

Haynes has not made a substantial showing that jurists of reason would find it

debatable whether the procedural ruling is correct and whether the underlying claim has

constitutional merit.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.

DATED at Denver, Colorado, this  2nd  day of ____February_____, 2012.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

16