IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03121-LTB

LLOYD VICTOR HAYNES,

    Applicant,

v.

BARR, Colorado State Parole Board Office,
COLORADO ADULT PAROLE,
SHERIFF MAKETA, El Paso County Jail, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER DENYING MOTION TO RECONSIDER

    Applicant, Lloyd Victor Haynes, a Colorado Department of Corrections (DOC) prisoner, filed *pro se* a "Motion for Rehearing on Time Barrs [sic]" (Doc. # 30) on February 13, 2011. Mr. Haynes asks the Court to reconsider the February 2, 2012 Order of Dismissal. The Court must construe Applicant's filings liberally because Mr. Haynes is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will construe the Motion for Rehearing as a motion to reconsider and will deny the motion for the reasons stated below.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991).  Mr. Haynes filed the motion to reconsider within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action.  The Court, therefore, finds that the Motion for Reconsideration is filed pursuant to Rule 59(e).  *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Upon review of the motion for reconsideration and the entire file, the Court concludes that Mr. Haynes fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

Mr. Haynes filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging his convictions and sentences in four El Paso County District Court cases. Respondents filed a Pre-Answer Response and asserted that the Application was untimely pursuant to 28 U.S.C. § 2244(d).  The Court agreed and entered an order dismissing claim three of the Application as time-barred on February 2, 2012.  The Court also found that claim one was not cognizable under the federal habeas corpus statutes.

In his motion to reconsider, Mr. Haynes argues that the Court erred in dismissing claim three of the Application.  In claim three, Mr. Haynes challenged the execution of his mandatory parole term in the El Paso County Justice Center from June 29, 2010 to July 26, 2010,[1] as an illegal sentence, in violation of his federal due process rights.  Mr.

---

[1] The February 2, 2012 Order of Dismissal inadvertently reflected these dates as June 23, 2010 to July 20, 2010.

Haynes asserts in his motion to reconsider that he did not know the factual basis for claim three until November 2011, when he received a copy of the DOC's Administrative Regulations for offenders on parole and discovered that the Colorado Parole Board did not have the authority to detain him in the El Paso County jail past his mandatory release date. He therefore contends that the AEDPA one-year limitation period for his third claim did not run before he filed his federal Application on November 30, 2011. The Court is not persuaded by this argument.

Under 28 U.S.C. § 2244(d)(1)(D), the limitations period commences on the date when the factual predicate of the claim could have been discovered through the exercise of due diligence. Mr. Haynes alleged in his Application that his mandatory release date was June 29, 2010. (Doc. No. 1, at 8 of 56) He further alleged that on June 23, 2010, a parole officer forced him to sign a contract continuing his confinement in the El Paso County jail until he completed a treatment program (in July 2010). (*Id.*) In an attachment to the Application, Mr. Haynes stated that on June 23, 2010, a parole officer told him that if he "did not sign the agreement to stay past his mandatory release date [he] would receive a class one write up for failure to comply with a direct order." (Doc. No. 8, at 51 of 56). Mr. Haynes' own allegations demonstrate that he knew the factual predicate for claim three in June 2010 when he asserts that he was forced to remain incarcerated beyond his mandatory release date by state parole authorities. "[T]he limitations period begins to run when the petitioner knows of the facts giving rise to the habeas claim; it is not required that he or she understand the legal significance of those facts." *Klein v. Franklin*, 437 F. App'x 681 (10th Cir. 2011) (unpublished) (citing *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000)); *see also Owens v. Boyd*, 235

F.3d 356, 359 (7th Cir.2001) ("[T]he trigger in § 2244(d)(1)(D) is . . . discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance"). As such, Applicant's claim is untimely for the reasons discussed in the February 2, 2012 dismissal order.

Mr. Haynes also raises arguments in his motion to reconsider with regard to claim two that this Court addressed and rejected in the order of dismissal.

Finally, Mr. Haynes does not present any basis for equitable tolling in his motion. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

The motion to reconsider will be denied because Mr. Haynes has not asserted any of the major grounds that would justify reconsideration in his case. *See Servants of the Paraclete*, 204 F.3d at 1012. Accordingly, it is

ORDERED that the "Motion for Rehearing on Time Barrs [sic]" (Doc. # 30), filed on February 13, 2011, is DENIED.

Dated at Denver, Colorado this  21st  day of   February  , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court